GERMANIA INS. CO. *v.* WERNER.

## CHARGE TO JURY.

Now, Gentlemen of the Jury, the case goes to you.

First, let me remark that this is a suit simply upon a contract. A policy of insurance is simply a written contract; a contract to indemnify, or make good, a loss which might occur through fire, or through causes enumerated in the contract, to the owner. So that there is nothing especial about an insurance policy over any other written contract, so far as the main points here will be concerned. It is simply a contract, in substance, that upon the payment of the proper consideration in money, in case loss to the building insured occurs, through fire or other causes enumerated in the policy, that loss will be made good to the owner, if it occurred within a certain period of time which the contract covers.

It being a written contract, we must look to the contract itself to ascertain just what its terms are.

The plaintiff, Mrs. Werner, comes into court and says that this policy of insurance, or this contract of insurance, was made by her predecessor in the title of the property, named Joseph Stephan, with this company—the Germania Fire Insurance Company, a corporation under the laws of the state of New York, but doing business in Ohio, and having an office in Cincinnati; that her predecessor, Stephan, made this contract of insurance, insuring this building for a sum not exceeding $1,000, for the term of three years from the 26th day of May, 1900, at noon,—which would carry it to noon on the 26th day of May, 1903; that this policy provided, that, by the consent of the company endorsed thereon, the same might be assigned or transferred to another person who may acquire any interest in or title to the property. She avers that it was transferred, by the consent of the company endorsed on the back of the policy. We find the consent duly endorsed and signed by

Mr. Finke, the manager, and no question is raised about that. She then says that, on the 15th day of May, 1903—this policy, you will observe, expiring on the 26th day of May, 1903, consequently the 15th was within the three years—that, without any fault on her part, the building was partly destroyed by fire, and the damage thereto was more than the sum insured, namely, $1,000; and that she immediately gave notice of the fire to the defendant, and submitted her proof loss within the proper time; and that the defendant has failed and refused to make any payment to her on acount of said loss. And she also says, generally, that she has performed, on her part, all the conditions incumbent upon her to be performed (reading)—"has fully performed all the conditions to be performed on his part under said contract."

The defendant company admits all these general facts, and sets up certain defenses, some of which involve questions of law, and some of which involve questions of fact. The issues of fact to be determined by you here arise upon the defenses number 3 and 5 in this answer. "For a third defense"—this the defense No. 3—"for a third defense to plaintiff's petition," and so on, and avers that the policy contains the following provision: "This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void * * * if any change take place * * * in the interest, title or possession of the subject of insurance" (the subject of insurance being the dwelling-house, or, rather, described her as a 3 1-3 story frame building, with metal and shingle roof and its additions, etc.)—"this policy * * * shall be void if any change takes place in the interest, title or possession of the subject of insurance (except change of occupants without increase of hazard) * * * by voluntary. act of the insured, or otherwise." And the defendant avers that, by the voluntary act of the assured, there was a change in the possession of said premises, in that, to-wit, said premises, while occupied or in the possession of the tenant occupying the same, was occupied, not as a "store and dwelling-house," but as a "saloon," from January 3,

1903, and a long time prior thereto, until April 18, 1903, and such change of possession was without knowledge or consent of the defendant, and that, therefore, the hazard of loss or damage by fire was increased, and said policy became void and was void at the time of the fire alleged in the petition.

And also this defense:

"For a fifth defense defendant adopts all the allegations of the first defense as fully as though set forth at length herein.

"Further answering, defendant avers that said policy contained the following provision: 'This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void  *  *  *  if the building described herein  *  *  *  be or become vacant or unoccupied and so remain for ten days.' " Defendant avers that, without the knowledge or consent of said defendant, the said building became vacant or unoccupied on or about the 18th day of April, 1903, and was from that day continuously unoccupied until a long time after May 15, 1903, the day that said fire is alleged to have occurred; that, by the said non-occupancy of said premises, there was an increase in the risk, and that by the terms of said policy it became and was entirely void at the time of the fire alleged in the petition.

Now, gentlemen of the jury, this contract, or policy,—I don't intend to read it all to you, but merely call your attention to certain features of it, because the contract will be with you in the jury-room,—sets forth that, in consideration of the stipulations herein named and of twenty dollars premium, this Germania Company does insure Joseph Stephan for the term of three years from the 26th day of May, 1900, at noon, to the 26th day of May, 1903, at noon, against all direct loss or damage by fire, except as hereinafter provided, to an amount not exceeding one thousand dollars, to the following described property, while located and contained as described herein, and not elsewhere, to-wit: —and then the description follows, that is, a 3 1-3 story

frame building, etc., while occupied as a store and dwelling, being No. 1525 Vine street.

Then, among the stipulations which follow, are certain stipulations which avoid the policy—which render it null and void in case certain things happen—namely, if the insured has concealed or misrepresented, in writing or otherwise, any material fact or circumstance connected with it.

Now come the stipulations upon which defendant relies: "The entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void if any change take place in the title, interest or possession of the subject of insurance (except change of occupants without increase of the hazard) ;" and, second, "if the building shall become vacant or unoccupied and so remain for ten days."

At the time this policy was entered into, there was a certain law of the state of Ohio, commonly known as Section 3643 of the Revised Statutes, which provides as follows: "That any person, company, or association, hereafter insuring any building or structure against loss or damage by fire or lightning, by a renewal of a policy heretofore issued, or otherwise, shall cause such building or structure to be examined by an agent of the insurer, and so forth, and the insurable value thereof to be fixed by such agent; in the absence of any change increasing the risk without the consent of the insurers, and also of intentional fraud on the part of the insured, in case of total loss, the whole amount mentioned in the policy shall be paid, or in case of partial loss, the full amount of the partial loss shall be paid."

This law being a law regulating contracts of this nature, and being in existence at the time that this policy was made, must be read into the policy as a part of it, consequently it affects all of these stipulations. This statute became part of the contract of insurance, and controls the construction and operation of this contract.

The condition of the policy with regard to the occupancy of the building, that is, as to the particular use made of it,

or as regards its being occupied or being vacant—these provisions are, therefore, so qualified by the statute that, in the absence of intentional fraud on the part of the insured —and there is no evidence in this case of that kind—or change from one occupancy to another—that is, from one kind of occupancy to another—that is to say, its occupancy as a store, and its occupancy as a saloon—or its change from being occupied to the condition of being unoccupied, in order to be available as a defense, it must appear that the risk, by these changes, was thereby increased.

Now, it is a well-settled fact that a risk is not *necessarily* increased by these changes, and therefore, when the insurer—that is, the company—pleads such facts as a · defense, it must also prove as a fact that these changes—if changes are shown to have occurred, such as defendant pleads—they must also show that those changes did, in fact, increase the risk; and that is a question of fact for you to determine, under the evidence in the case.

The burden of proof is upon the defendant to show that the risk was increased. It is admitted, in this case, that the occupancy was changed from a store and dwelling to a saloon and dwelling, and that at the time of the fire the building was unoccupied. The facts for you to determine will be, whether it was unoccupied for the ten days specified under this policy; and if it was unoccupied ten days, or more, then whether that unoccupancy increased the risk.

No doubt, of course, under certain circumstances, the vacation or disuse of an insured building may, in some cases, materially increase the risk; in others it may not increase it at all. The circumstances may be such, in some cases, that the risk is no greater, and it may possibly be even less than it was before. But whether it is increased, or not, in any case, must depend upon the situation and the surroundings and the conditions as shown to you in the testimony.

Now, a question of that nature, where there is any dispute, or where there is any conflict of testimony, or where the testimony varies on one side and the other, wherever there is a dispute of any kind, in other words,—is for you to determine, upon a preponderance of the testimony. And

by the preponderance, the law simply uses the figure of a balance; one side or the other preponderates according to the weight. And you are to determine it by a preponderance of the testimony, considering not simply the number of witnesses on the one side or the other, but upon the character of the testimony given by the witness; remembering that it is a question to be determined by the circumstances of the case. The fact of a change of occupancy—the fact of the building remaining unoccupied—alone, does not determine the question. You must consider that fact, however, together with the circumstances, the situation, the surroundings, and all the evidence which you get from the witnesses, which will throw light upon a particular fact as it may exist in this case, and determine it by the preponderance, or the proportionate weight of the testimony; the testimony which, to your mind, is the more persuasive.

Witnesses sometimes state things which may be valuable and helpful to you, or otherwise, according to their means of knowledge, according to their judgment, according to the accuracy of their observation, according to the facts and circumstances which they take into account in making their opinion. Remember that the opinion of witnesses upon a point of this kind is merely to aid you. But it is your own judgment, at last, that must determine, under your oaths. You are not to be governed exclusively by the opinions of witnesses, but receive them, consider them, and, so far as they aid you in reaching a judgment, accept them. But you are not to surrender your own judgment; for it is to you that this case is submitted; not to the witnesses who come upon the stand.

So, gentlemen of the jury, the facts, for the practical purposes, or issues, in this case, are brought down to a comparatively narrow point: Was there a change of occupancy? As a matter of fact, it seems to be admitted that there *was* a change of occupancy. The building was originally occupied as a store and dwelling, and subsequently leased for purposes of a saloon and dwelling. Then, the question is, under the circumstances of this case and upon the testimony

as you have heard it, according to the preponderance of the testimony: Was there an increase of risk thereby? If there was not, that defense goes for nothing. If there was, that defense is perfectly good. Either one of these defenses, if you and them to be sustained, that there was an increase of risk, under the statute would be a complete defense in the case.

The same with respect to the matter of vacancy.

(To counsel): Is there any point that I have not touched upon, that counsel think should be covered by the charge?

MR. KOHL: I think of nothing, Your Honor.

THE COURT: Then, gentlemen, the case will pass into your hands for a determination of these two points.

I only desire to say, by way of recapitulation and in addition thereto: You and I are here as parts of the great machine of justice. Your part is just as important, just as high; and, if possible, more vitally important even than the functions of the court. But we both have our duties to perform, and we both have sworn to perform them impartially and fairly, for the purpose of doing justice between parties, and to do that without fear, favor or affection. It makes no difference that one of these parties is a corporation and the other is an individual. It is not a case of sentiment. It is simply a case for application of principles of law on one side, and principles of common sense on the other, to the facts as they appear before you. And I charge you and caution you to give the case careful consideration; determine it according to your best judgment, upon the testimony as you have heard it and upon the law of the case as I have laid it down to you, and as it is plain under the statute, and render your verdict accordingly.

There are two forms of verdict here. Your first duty, by the way, will be to select a foreman, and, according as you render your verdict, in behalf of the plaintiff, or the defendant, your foreman, for you, will sign one or the other of these blanks.

If you find for the plaintiff, as there is no question about the amount of the loss, your verdict will be for the amount of the policy, which is shown in this case, and it is not

disputed that the actual loss was greater, but the policy goes only to the extent of a thousand dollars; and the damages, then, would be—if you find for the plaintiff—a thousand dollars, under the terms of the policy, and interest on the amount of the loss will begin sixty days after the date of the furnishing of proofs—which will be sixty days after June 1st—to the first Monday in May, this month. The damage will be, then, a thousand dollars with interest from sixty days after the 1st of June up to the first Monday in May.

If you find for the defendant, you will simply so find, and return the appropriate blank.

Gentlemen of the jury, you will please retire and consider your verdict.